Stan S. Mallison (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, CA 94549
Telephone:    (925) 283-3842
Facsimile:    (925) 283-3426
StanM@MallisonLaw.com
HectorM@MallisonLaw.com
MPalau@MallisonLaw.com

Attorneys for All PLAINTIFFS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MIGUEL VELASCO, ELIESER SERRANO and NICOLAS VELASCO, individually and acting in the interest of other current and former employees,<br><br>Plaintiffs,<br><br>vs.<br><br>MIS AMIGOS MEAT MARKET, INC, URIEL GONZALEZ and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR:<br><br>1. Violation of the Fair Labor Standards Act for Failing to Pay Overtime Wage, 29 USC §§ 201 et seq.<br>2. Failure to Pay Minimum Wages<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Accrued Vacation Pay<br>5. Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof<br>6. Failure to Pay Timely Wages Due at Termination<br>7. Failure to Maintain and Provide Accurate Itemized Employee Wage Statements and Records<br>8. Breach of Contract<br>9. Violation of Unfair Competition Law<br>10. Workforce-Wide Enforcement Per The Labor Code Private Attorneys General Act of 2004<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs MIGUEL VELASCO, ELIESER SERRANO, and NICOLAS VELASCO bring this action against Defendants MIS AMIGOS MEAT MARKET, INC and URIEL GONZALEZ individually and on behalf of other individuals employed under common circumstances and facts.

## I.   INTRODUCTION

1.   This is a wage and hour action to vindicate the rights afforded employees by the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"), the California Labor Code, California Business and Professions Code, and California contract and common law.  This action is brought by PLAINTIFFS for themselves and on behalf of former and current non-exempt employees of Defendants MIS AMIGOS MEAT MARKET, INC and URIEL GONZALEZ.  PLAINTIFFS are informed and believe and thereupon allege that Defendant MIS AMIGOS MEAT MARKET, INC is a California Corporation engaged in retail sales in and around Yolo County, California.

2.   This action revolves around the systematic failure by Defendants MIS AMIGOS MEAT MARKET, INC, URIEL GONZALEZ and Does 1-20 (hereinafter collectively referred to as "MIS AMIGOS" or "DEFENDANTS") to pay their California non-exempt employees in conformance with Federal and California law.  Defendant MIS AMIGOS MEAT MARKET, INC employed PLAINTIFFS and other similarly situated, current and former employees and is hereinafter referred to as "Employer Defendant." Defendant URIEL GONZALEZ is sued only pursuant to the California Labor Code's Private Attorney General Act ("PAGA") for penalties that are predicated on California Labor Code violations, including Labor Code § 558, which imposes liability on any person acting on behalf of an employer who violates or causes to be violated sections of the California Labor Code. URIEL GONZALEZ is hereinafter referred to as "PAGA Defendant."

3.   Plaintiffs MIGUEL VELASCO, ELIESER SERRANO, and NICOLAS VELASCO are or were employed as non-exempt employees by Employer Defendant in and around Yolo County to perform various tasks, including but not limited to, preparing and stocking produce and meats. PLAINTIFFS allege that they have suffered injury and pecuniary loss as a result of Defendants' failure to comply with federal and state labor laws.  Defendants' employment practices are unlawful and contrary to the public policy of the State of California.  Therefore, in order to enforce

COMPLAINT – DEMAND FOR JURY TRIAL

federal and state wage and hour laws, PLAINTIFFS bring this action for themselves under the FLSA and California's Unfair Competition Law (the "UCL") (Business and Professions Code §§ 17200, et seq.). PLAINTIFFS additionally bring this action against all DEFENDANTS for themselves and current and former employees of Employer Defendant under the California Labor Code's Private Attorneys General Act ("PAGA") (Cal. Labor Code §§ 2698 et seq.).

4.    The PAGA claim is an enforcement action brought by PLAINTIFFS, who are aggrieved employees within the meaning of PAGA, on behalf of current and former employees to recover penalties for themselves, other current and former employees and the State of California. By its terms, the PAGA action does not require class certification. PLAINTIFFS, for themselves and other current and former employees of Employer Defendant, therefore seek penalties against all DEFENDANTS to be distributed to PLAINTIFFS, other current and former employees and the state, in conformance with Labor Code §§ 2698 et seq.

5.    PLAINTIFFS seek restitution and other appropriate relief for DEFENDANTS' failure to pay minimum and overtime wages for all hours worked; failure to maintain adequate time records and failure to authorize and permit the requisite number of rest periods per work period and other claims stated in this complaint.

6.    PLAINTIFFS, for themselves individually and for all others who have a common interest, also seek injunctive relief requiring DEFENDANTS' to comply with all applicable California wage and hour laws and regulations in the future, and preventing DEFENDANTS' from engaging in and continuing to engage in unlawful and unfair business practices.  PLAINTIFFS also seek declaratory relief enumerating DEFENDANTS' violations, so that DEFENDANTS' and the general public will have clarity and guidance with regards to DEFENDANTS' future employment practices.

## II.  JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

8.    This Court also has supplemental jurisdiction over the California state-law claims

COMPLAINT – DEMAND FOR JURY TRIAL

1  pursuant 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form

2  part of the same case and controversy under Article III of the U.S. Constitution.  This Court is

3  empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

4    9.  Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391

5  because this District is the district in which at least one of the Defendants resides and a district in

6  which a substantial part of the events or omissions giving rise to the claims occurred and where at

7  least one of the PLAINTIFFS resides.

8  **INTRADISTRICT ASSIGNMENT**

9    10. This case is properly assigned to the Sacramento Division of this Court because the

10  action primarily arises from events that occurred in Yolo County in California.  Local Rule 3-

11  120(d).

12  **III. PARTIES**

13    11.  Named PLAINTIFFS are, and at all relevant times were, residents of California and

14  lived an/or worked within the counties covered by Intradistrict Venue in the Sacramento Division

15  of the Eastern District of California described in Local Rule 3-120(d).  PLAINTIFFS were

16  employed in commerce while employed by Employer Defendant, within the meaning of 29 U.S.C.

17  § 203, and are, or at all relevant times were, employed, within the meaning of 29 U.S.C. § 203(g),

18  in Employer Defendant's retail operations.

19    12.  At all relevant times herein, PLAINTIFFS were employed by Employer Defendant

20  and, on information and belief, an enterprise engaged in commerce, in and around Yolo County,

21  California.  Employer Defendant employed PLAINTIFFS as non-exempt employees.

22  PLAINTIFFS were hired pursuant to written and implied contracts of employment entered into

23  within the counties covered by Intradistrict Venue in the Sacramento Division of the Eastern

24  District of California pursuant to Local Rule 3-120(d).  The contracts of employment contained

25  implied terms which consisted of provisions of the California Labor Code relating to, among other

26  things, wage and hour norms.  During the relevant time period, PLAINTIFFS worked for

27  DEFENDANTS within the Intradistrict Venue of the Sacramento Division of the Eastern District

28  of California, performing services for DEFENDANTS during all or substantially all of the relevant

COMPLAINT – DEMAND FOR JURY TRIAL

1   time period at agreed-upon hourly and/or piece wage rates that varied over their employment.

2       13.  Plaintiff MIGUEL VELASCO ("M. VELASCO") is an individual residing in

3   Woodland, Yolo County.  He was employed as a non-exempt employee by Employer Defendants

4   in and around Yolo County at least during the past year.  As a result of all DEFENDANTS' federal

5   and state labor violations and DEFENDANTS' unlawful practices described herein, M. VELASCO

6   has suffered injury in fact and has lost money or property. Plaintiff M. VELASCO is an aggrieved

7   employee.

8       14.  Plaintiff ELIESER SERRANO ("SERRANO") is an individual residing in Contra

9   Costa County.  He was employed as a non-exempt employee by Employer Defendants in and

10  around Yolo County, among other counties, at least during the past year. As a result of all

11  DEFENDANTS' federal and state labor violations and all DEFENDANTS' unlawful practices

12  described herein, SERRANO has suffered injury in fact and has lost money or property. Plaintiff

13  SERRANO is an aggrieved employee.

14      15.  Plaintiff NICOLAS VELASCO ("N. VELASCO") is an individual residing in Contra

15  Costa County.  He is employed as a non-exempt employee by Employer Defendants in and around

16  Contra Costa County and has been employed in said capacity by Employer Defendants at least

17  during the last  year. As a result of all DEFENDANTS' federal and state labor violations and all

18  DEFENDANTS' unlawful practices described herein, N. VELASCO has suffered injury in fact

19  and has lost money or property. Plaintiff N. VELASCO is an aggrieved employee.

20      16.  All PLAINTIFFS listed above hereafter will be collectively referred to as

21  "PLAINTIFFS."  PLAINTIFFS and all other individuals employed under common circumstances

22  and facts hereafter will be collectively referred to as "EMPLOYEES."

23      17.  PLAINTIFFS are informed and believe and thereon allege that Defendant MIS

24  AMIGOS MEAT MARKET, INC is a California corporation that operates a retail business in and

25  around Yolo County.  It operated a place of business located at 120 Main Street, Woodland, CA

26  95695.  Its principal place of business is located at 3005 Willow Pass Road, Bay Point, CA 94565.

27  Its Agent for Service of Process is URIEL GONZALEZ at 1072 Via Alta, Lafayette, CA 94549.

28      18.  Defendant URIEL GONZALEZ ("GONZALEZ") is a shareholder,  officer and agent

- 5 -

of Defendant, MIS AMIGOS MEAT MARKET, INC and resides in Contra Costa County.
GONZALEZ, individually, personally, and directly exercised control over the wages, hours and
working conditions of PLAINTIFFS and EMPLOYEES, violating the Labor Code as described
herein or causing said violations.  PLAINTIFFS allege that Defendant GONZALEZ is
consequently liable for the violations herein alleged pursuant to California Labor Code §§ 558,
enforceable through PLAINTIFFS' PAGA cause of action.

19.  Defendant GONZALEZ individually, and acting on behalf of MIS AMIGOS MEAT
MARKET, INC, violated or caused to be violated the sections of the Labor Code described herein.
The following facts are examples of the manner in which GONZALEZ caused these violations:

    a.  GONZALEZ misclassified employees by placing them on salary and failing to
        pay overtime premium wages for all hours worked over 8 hours each workday
        or all hours worked after 40 hours in a workweek;

    b.  GONZALEZ instructed employees or created the policy requiring employees to
        travel from one store to another during workdays while off the clock;

    c.  GONZALEZ failed to allow and permit employees to take the requisite number
        of rest breaks per each four-hour period worked or to compensate employees for
        each failure to permit and allow rest breaks;

    d.  GONZALEZ failed to provide employees with a full half-hour uninterrupted
        meal break, by requiring that they work through lunch or by giving them less
        than a full 30 minutes; and

    e.  GONZALEZ failed to compensate employees for all hours worked by
        systematically placing employees on salary and failing to pay them for any
        overtime hours worked and by failing to compensate employees for travel time
        from store to store.

20. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq.,
PLAINTIFFS seek declaratory relief, statutory damages, actual damages, liquidated damages,
interest, and injunctive relief.

21. PLAINTIFFS also bring this action pursuant to California Labor Code, including but

COMPLAINT – DEMAND FOR JURY TRIAL

not limited to: §§ 201, 202, 203, 204, 214, 216, 218, 218.6, 221, 226, 226.7, 227.3, 512, 1174, 1194, 1194.2, 1197, 1199, and 2802, as well as the IWC wage orders, seeking unpaid minimum wages, premium overtime wages, accrued vacation wages unpaid, rest and meal period compensation, statutory penalties, liquidated damages, reimbursement of expenses, declaratory, injunctive and other equitable relief, interest, reasonable attorneys' fees, and costs of suit. PLAINTIFFS also seek penalties for themselves and on behalf of the State of California and current and former employees of Employer Defendant, which are available only through the procedures detailed in Labor Code §§ 2698 et seq.

22. PLAINTIFFS have complied with the pre-filing requirements of PAGA, giving notice to all DEFENDANTS and the Labor & Workforce Development Agency ("LWDA") of the violations herein alleged by certified mail with return receipt. The LWDA declined to investigate and gave notice to DEFENDANTS and PLAINTIFFS that it would not investigate.

23. Employer Defendant directly or indirectly or through an agent or other person engaged suffered or permitted PLAINTIFFS and other current and former EMPLOYEES to work.

24. PLAINTIFFS are ignorant of the true names or capacities of the DEFENDANTS sued herein under the fictitious names of DOES 1 through 20, inclusive, and therefore sue DEFENDANTS under such fictitious names.  PLAINTIFFS will amend this complaint to allege the true names or capacities of these DEFENDANTS once they have been ascertained. PLAINTIFFS are informed and believe and thereon allege that each Defendant is responsible in some manner for the occurrences herein alleged, and that the damages herein alleged were actually and proximately caused by each Defendant's conduct.

25. PLAINTIFFS are informed and believe and thereon allege that at all times mentioned herein, DEFENDANTS, including DOES, were acting as the agent of every other Defendant, and all acts alleged to have been committed by any Defendant were committed on behalf of every other Defendant; and, at all times mentioned herein, each alleged act was committed by each Defendant and/or agent, servant, or employee of each Defendant, and each Defendant directed, authorized or ratified each such act.  PLAINTIFFS are informed and believe and thereon allege that each Defendant, including DOES, was the agent, employee, coconspirator, business affiliate, subsidiary,

COMPLAINT – DEMAND FOR JURY TRIAL

parent entity, owner and/or joint venturer of each other Defendant; and, in causing the injuries herein alleged, each Defendant was acting at least in part within the course and scope of such agency, employment, conspiracy, joint employership, alter ego status, and/or joint venture, and with the permission and consent of each of the other DEFENDANTS.

## IV.  FACTUAL ALLEGATIONS

26. Employer Defendants employed Plaintiff M. VELASCO pursuant to a written, oral and/or implied contract of employment to work for Employer Defendants' business since approximately 1999 to December 17, 2007.  Written terms of the contract of employment are contained in the wage statements and the implied terms of the contract are contained in the California Labor Code.  Plaintiff M. VELASCO works for Employer Defendants' business in and around Yolo County, including at the real property located at 120 Main Street, Woodland, CA 95695.  Plaintiff M. VELASCO was employed as a non-exempt retail employee until December 17, 2007.

27. Employer Defendants employed Plaintiff SERRANO pursuant to a written, oral and/or implied contract of employment to work for Employer Defendants' business from approximately 2000 to May, 2007.  Written terms of the contract of employment are contained in the wage statements and the implied terms of the contract are contained in the California Labor Code. Plaintiff SERRANO worked for Employer Defendants' business in and around Contra Costa County, including at the real property located at 120 Main Street, Woodland, CA 95695.  Plaintiff SERRANO was employed as a non-exempt retail employee until at least May, 2007.

28. Employer Defendants employed Plaintiff N. VELASCO pursuant to a written, oral and/or implied contract of employment to work for Employer Defendants' business since until . Written terms of the contract of employment are contained in the wage statements and the implied terms of the contract are contained in the California Labor Code.  Plaintiff N. VELASCO works for Employer Defendants' business in and around Contra Costa County, including at the real property located at 3005 Willow Pass Road, Bay Point, CA 94565.  Plaintiff N. VELASCO was employed as a non-exempt retail employee until at least during the last year.

29. Employer Defendants have employed Plaintiffs SERRANO, N. VELASCO, and/or M.

COMPLAINT – DEMAND FOR JURY TRIAL

VELASCO to perform non-exempt retail work at stores in Yolo County and adjacent counties.

30. PLAINTIFFS are informed and believe and thereon allege that in the four years preceding the filing of this complaint, the Employer Defendant has employed other individuals as meat and/or produce retail employees under the same or similar circumstances as PLAINTIFFS, and has employed them at many of the same and/or similar job sites as PLAINTIFFS, including at the real property located at 120 Main Street, Woodland, CA 95695. These individuals, along with PLAINTIFFS, are referred to collectively as "EMPLOYEES" in this complaint.

31. Throughout PLAINTIFFS' tenure with MIS AMIGOS, DEFENDANTS scheduled PLAINTIFFS' and other EMPLOYEES' workday.  PLAINTIFFS and other EMPLOYEES are or were instructed and required to work more than 8 hours each workday and more than 40 hours each work week at Employer Defendants' place of business ("stores").

32. PLAINTIFFS and, on information and belief, other EMPLOYEES were not authorized or permitted to take their legally mandated rest periods. When PLAINTIFFS and other EMPLOYEES miss their proper rest periods, they are not provided with additional compensation as required by California Labor Code § 512 and the Wage Orders.

33. DEFENDANTS have failed to provide PLAINTIFFS and, on information and belief, other EMPLOYEES with a full 30 minute meal period for each workday in excess of 5 hours and in excess of 10 hours without a second meal period.  When PLAINTIFFS and other EMPLOYEES miss their proper meal periods, they are not provided with additional compensation as required by California Labor Code § 512 and the Wage Orders.

34.  On occasions when they are allowed to take meal periods, PLAINTIFFS and, on information and belief, other EMPLOYEES have been directed by DEFENDANTS to limit and have limited all meal periods to 30 minutes or less and many purported meal periods are "on-duty," which is insufficient to constitute a meal period pursuant to California Labor Code § 512.

35. PLAINTIFFS and other EMPLOYEES are or were required by DEFENDANTS to travel in their personal vehicles from one store to another store during the workdays. PLAINTIFFS were not compensated for this travel time and expenditures necessarily incurred by traveling in their personal vehicle at the direction of DEFENDANTS. PLAINTIFFS and, on

COMPLAINT – DEMAND FOR JURY TRIAL

1   information and belief, other EMPLOYEES were also required to travel "off-the-clock" between

2   DEFENDANTS' stores, were required to travel in their personal vehicles, and were neither

3   compensated for that travel time nor reimbursed for expenditures necessarily incurred as a result of

4   traveling in their personal vehicles.

5         36. PLAINTIFFS are informed and believe and thereon allege that at all times material to

6   this action and during the four years prior to the filing of this complaint, PLAINTIFFS and other

7   EMPLOYEES and, on information and belief, current employees of Employer DEFENDANTS,

8   were required to work "off-the-clock" and not paid for all hours worked, were required to work

9   more than 8 hours in a workday or more than 40 hours in a workweek and were not paid regular or

10  overtime premium wages.  PLAINTIFFS and, on information and belief, other EMPLOYEES have

11  not received compensation for all work performed, including hours worked at various store

12  locations and travel time, in addition to not being reimbursed for necessary expenditures incurred

13  while using their personal vehicles during the workday as instructed by DEFENDANTS.

14  PLAINTIFFS and, on information and belief, other EMPLOYEES were not provided with all

15  mandatory rest and meal periods during the four years prior to filing of this complaint.

16        37. As a result of the above, DEFENDANTS did not pay PLAINTIFFS and, on information

17  and belief, other EMPLOYEES for all hours worked and/or correct overtime pay.

18        38. Plaintiffs N. VELASCO, and M. VELASCO and, on information and belief, other

19  EMPLOYEES have left the employment of Employer Defendants and have not been paid all

20  wages earned and due.

21        39. Throughout PLAINTIFFS' tenure with MIS AMIGOS, Employer Defendants have

22  failed to maintain or furnish time records reflecting the true hours that PLAINTIFFS and, on

23  information and belief, EMPLOYEES worked, and have otherwise failed to keep and provide

24  required employment records in violation of California Labor Code and Regulations.

25        40. DEFENDANTS either terminated Plaintiffs M. VELASCO, SERRANO, and N.

26  VELASCO or PLAINTIFFS voluntarily left their employment with Employer Defendants.

27        41. DEFENDANTS violated Labor Code § 202 by failing to pay M. VELASCO,

28  SERRANO, and N. VELASCO all wages due on the date of employee's involuntary termination or

COMPLAINT – DEMAND FOR JURY TRIAL

1    within 72 hours of receipt of notice of employee's voluntary termination.

2        42. The additional factual allegations below are likely to have evidentiary support after a

3    reasonable opportunity for further investigation and discovery.

4        43. PLAINTIFFS are informed and believe and thereon allege that Defendant MIS

5    AMIGOS MEAT MARKET, INC. is, and at all times herein mentioned was, a corporation

6    organized and existing under the laws of the State of California, with its principal place of business

7    at 3005 Willow Pass Road, Bay Point, CA 94565 and operates a retail business located at 120

8    Main Street, Woodland, CA 95695, among other places.

9        44. PLAINTIFFS are informed and believe and thereon allege that GONZALEZ founded,

10   or was a founding member of, a retail company operating as MIS AMIGOS MEAT MARKET,

11   located at 3005 Willow Pass Road, Bay Point, CA 94565 and operates a retail business located at

12   120 Main Street, Woodland, CA 95695, among other places.  GONZALEZ has resided at the

13   premises commonly known as 1072 Via Alta, Lafayette, CA 94549.  In 2003, MIS AMIGOS

14   MEAT MARKET was incorporated, at which point it came to be known as MIS AMIGOS MEAT

15   MARKET, INC.

16       45. PLAINTIFFS are informed and believe and thereon allege that Defendant GONZALEZ

17   is, and at all times mentioned herein was, either the sole shareholder/owner of MIS AMIGOS

18   MEAT MARKET, INC.

19       46. PLAINTIFFS are informed and believe and thereon allege that GONZALEZ carries on

20   his retail business in the corporate name exactly as he had conducted it previous to incorporation,

21   exercising complete control and dominance of such business.

22       47. PLAINTIFFS are informed and believe and thereon allege that at all relevant times MIS

23   AMIGOS'S employment practices described herein were created by or under the direction of

24   Defendant GONZALEZ.

25       48. PLAINTIFFS further allege that GONZALEZ personally directed them, gave them

26   instructions and orders, and conveyed employee policies and procedures to them.

27       49. PLAINTIFFS further allege that Defendant GONZALEZ is responsible for the

28   occurrences herein alleged and that the resulting damages were proximately caused by the conduct

- 11 -

of both MIS AMIGOS MEAT MARKET, INC and GONZALEZ.

50. PLAINTIFFS allege, on information and belief, that Defendant GONZALEZ directly engaged in the unlawful conduct alleged in this Complaint by personally directing such conduct, giving orders directly to PLAINTIFFS and other EMPLOYEES, which resulted in the federal and state wage and hour violations as alleged herein, and by Defendants GONZALEZ'S acts and omission while directly supervising PLAINTIFFS and other EMPLOYEES, which resulted in the California wage and hour violations alleged herein.

51. PLAINTIFFS are aggrieved employees as defined in Labor Code § 2699.

52. DEFENDANTS committed the following violations of the California Labor Code against PLAINTIFFS and, on information and belief, against other current and former EMPLOYEES:

    a.   Employer Defendant violated FLSA by failing to compensate PLAINTIFFS at the overtime rate of at least time-and-a-half for hours worked in excess of forty hours in one week;

    b.   DEFENDANTS violated Labor Code §§ 210, 221, 1194, and 558, and 8 Cal. Code of Regulations § 11050 by failing to pay PLAINTIFFS and, on information and belief, other current and former EMPLOYEES all wages due for all hours worked.

    c.   DEFENDANTS violated Labor Code § 226 by failing to maintain and furnish to PLAINTIFFS and, on information and belief, other EMPLOYEES accurate time records showing all hours worked, including but not limited to the actual time worked before departure to job sites and the actual time scheduled and spent on lunch breaks.

    d.   DEFENDANTS violated Labor Code §§ 226.7, 512 and 558 by failing to permit and provide PLAINTIFFS and, on information and belief, other EMPLOYEES all rest and meal periods in accordance with IWC Wage Order 7 (8 Cal. Code of Regs. § 11070).

    e.   DEFENDANTS violated provisions of IWC Wage Orders by failing to pay

1     minimum and overtime wages for all hours worked; failing to authorize and

2     permit rest periods and failing to keep accurate information with respect to all

3     hours worked, including the beginning and ending of each work and meal period.

4         f.    DEFENDANTS violated Labor Code §§ 201 and/or 202 and 203 by failing to pay

5               PLAINTIFFS and, on information and belief, other EMPLOYEES all wages due

6               on the date of employee's involuntary termination or within 72 hours of receipt of

7               notice of employee's voluntary termination.

8     53. Pursuant to Labor Code § 2699.3(a) prior to the filing of this complaint, PLAINTIFFS

9  gave written notice by certified mail to the employer, the Labor and Work Force Development

10 Agency of the factual and legal bases regarding the violations of labor laws and regulations alleged

11 in this complaint. PLAINTIFFS here amend this complaint in accordance with Labor Code §§

12 2699.3 (a)(2)(A) to seek all applicable penalties for violations which the Labor and Work Force

13 Development Agency failed to investigate and/or issue a citation.

14                              **V.   CAUSES OF ACTION**

15                              **FIRST CAUSE OF ACTION**
        VIOLATION OF THE FAIR LABOR STANDARDS ACT BY FAILING TO PAY
16                                   OVERTIME WAGES
                                 (FLSA, 29 U.S.C. § 207(A))
17              ALL PLAINTIFFS AGAINST ALL EMPLOYER DEFENDANTS

18

19    54. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

20    55. DEFENDANTS intentionally violated the rights of PLAINTIFFS and other

21 EMPLOYEES  under FLSA, 29 U.S.C. § 207(a), by failing to pay overtime wages at a rate not less

22 than one and one-half times for all hours after forty hours in any given workweek during their

23 employment with DEFENDANTS.

24    56. The violations of FLSA resulted from DEFENDANTS paying PLAINTIFFS and other

25 EMPLOYEES after hour forty hours in a workweek that were computed at rates less than one and

26 one-half times the bona fide hourly or piece rates applicable to the same work when performed

27 during non-overtime hours, in violation of FLSA, 29 U.S.C. § 207(a).  DEFENDANTS also failed

28 to pay for all time worked resulting in the failure to pay overtime in violation of FLSA, 29 U.S.C.

COMPLAINT – DEMAND FOR JURY TRIAL

1    § 207(a).

2        57. As a result of the FLSA violations described in this count, PLAINTIFFS are entitled to

3    recover the amount of their unpaid overtime wages, an equal amount as liquidated damages, and

4    reasonable attorneys fees and costs to be paid by the DEFENDANTS pursuant to 29 U.S.C. §

5    216(b).

6        58. For purposes of this cause of action only, PLAINTIFFS bring this cause of action

7    pursuant to the collective action rules under 29 USC § 216(b).  Attached to this complaint are

8    FLSA consent forms signed by PLAINTIFFS.

9

10                                   **SECOND CAUSE OF ACTION**
                                  FAILURE TO PAY MINIMUM WAGE

11                   (CAL. LAB. CODE §1197, 1194(A), 1194.2 & WAGE ORDER 7)
                        ALL PLAINTIFFS AGAINST ALL EMPLOYER DEFENDANTS

12       59. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

13       60. At all times relevant to this action, PLAINTIFFS and other EMPLOYEES worked as

14   non-exempt retail employees for Employer Defendants' retail business in and around Contra Costa

15   County.  In addition to their duties as non-exempt retail employees, PLAINTIFFS were given the

16   job of driving their personal vehicles from one job site to another during workdays.

17       61. At all times relevant to this action each Employer Defendant failed to compensate

18   PLAINTIFFS and other EMPLOYEES for work performed before 7:00 a.m., in violation of

19   Industrial Welfare Commission Wage Order 7 (8 California Code of Regulations § 11070) and

20   California Labor Code § 1194.

21       62. At all times relevant to this action, each Employer Defendant failed to compensate

22   PLAINTIFFS and other EMPLOYEES for all hours worked each workday, underpaying

23   PLAINTIFFS by one half-hour (1/2) to at least three and one half (3 1/2) hours worth of wages per

24   workday, in violation of Industrial Welfare Commission Wage Order 7 (8 California Code of

25   Regulations § 11070) and California Labor Code § 1194.

26       63. At all times relevant to this action each Employer Defendant failed to compensate

27   certain PLAINTIFFS and other EMPLOYEES for all hours worked each workday, underpaying

28   certain PLAINTIFFS by the actual travel time from the worksites to Employer Defendants' yard at

                                        - 14 -

the end of each workday, in violation of Industrial Welfare Commission Wage Order 7 (8 California Code of Regulations § 11070) and California Labor Code § 1194.

64. As such, PLAINTIFFS, individually and on behalf of other individuals employed under common circumstances and facts, bring this action for minimum wage, interest, and costs of suit pursuant to §1194(a).  PLAINTIFFS, individually and on behalf of other individuals employed under common circumstances and facts, also bring this action for attorney's fees incurred pursuant to §1194(a).

65. WHEREFORE, PLAINTIFFS and other EMPLOYEES are entitled to recover the unpaid minimum wages, liquidated damages in an amount equal to the minimum wages unlawfully unpaid pursuant to California Labor Code §1194.2, interest thereon, costs of suit; as well as reasonable attorney's fees.

**THIRD CAUSE OF ACTION**
FAILURE TO PAY OVERTIME AND DOUBLE TIME COMPENSATION
(CALIFORNIA LABOR CODE §§510, 1194 & 1194.2)
ALL PLAINTIFFS AGAINST ALL EMPLOYER DEFENDANTS

66. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

67. California Labor Code §510(a) establishes the eight (8) hour workday and forty (40) hour work week, and provides that work in excess of eight (8) hours in one day or forty (40) hours in one week is to be compensated at one and one-half (1 1/2) the regular rate of pay.  Additionally, work performed in excess of twelve (12) hours in one day or work in excess of eight (8) hours on the seventh consecutive day of work must be compensated at the rate of double the regular rate of pay. The identical provision is found in Wage Order 7, which is authorized under California Labor Code §1185.

68. As described herein, Employer Defendants violated California Labor Code §510 and Wage Order 7 by employing PLAINTIFFS and other EMPLOYEES in excess of eight (8) hours in one day, forty (40) hours in a workweek without paying the required overtime rate. Employer Defendants also violated the California Labor Code by failing to pay double time pursuant to

California Labor Code provisions and Industrial Welfare Commission Wage Order 7 for work in excess of twelve (12) hours in one day or for work in excess of eight (8) hours on the seventh consecutive day of work.

69. PLAINTIFFS, individually and on behalf of other individuals employed under common circumstances and facts, seek to enforce this provision pursuant to Labor Code §1194(a).

70. WHEREFORE, PLAINTIFFS and other employees are entitled to the unpaid balance of the full amount of the above noted overtime and double time compensation, interest, costs of suit and reasonable attorney's fees.

**FOURTH CAUSE OF ACTION**
FAILURE TO PAY ACCRUED VACATION
(CALIFORNIA LABOR CODE §§227.3, 1194(A))
PLAINTIFFS MIGUEL VELASCO AND NICOLAS VELASCO AGAINST ALL EMPLOYER
DEFENDANTS

71. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

72. At all relevant times, PLAINTIFFS and the other EMPLOYEES were employees of Employer Defendants covered by Labor Code Section 227.3.

73. Pursuant to the terms and conditions of the employment agreement between PLAINTIFFS and Employer Defendants, and on information and belief, between other EMPLOYEES and Employer Defendants,  Plaintiff and other EMPLOYEES accrued paid vacation time based upon the amount of time worked for Employer Defendants.

74. Pursuant to Labor Code Section 227.3, PLAINTIFFS and the other EMPLOYEES were entitled to use of or payment for all vacation time accrued during their employment with Employer Defendants.

75. Employer Defendants failed to pay PLAINTIFFS and other EMPLOYEES for all accrued vacation upon termination, or allow PLAINTIFFS and other EMPLOYEES to use all accrued vacation during their employment in violation of Labor Code Section 227.3. PLAINTIFFS are informed and believe and thereon allege that at all relevant times with the applicable limitations period, Employer Defendants maintained and continue to maintain a policy or practice of not letting employees use accrued vacation and/or taking accrued vacation time not

- 16 -

used by EMPLOYEES.  Furthermore, accrued vacation time that Employer Defendants did not let EMPLOYEES use or that was taken away was not paid to them as wages at the time of termination as required by Labor Code Section 227.3.

76. As a result of Employer Defendants' unlawful conduct, PLAINTIFFS and the other EMPLOYEES have suffered damages to the extent they were not paid upon termination or allowed to use during  their employment all of their accrued vacation time, in an amount subject to proof.

77. WHEREFORE, PLAINTIFFS and other EMPLOYEES are therefore entitled to recover the full amount of their unpaid vacation time, interest thereon and costs of suit; as well as reasonable attorney's fees.

### FIFTH CAUSE OF ACTION
FAILURE TO PROVIDE REST AND MEAL PERIODS OR PAY ONE HOUR OF
ADDITIONAL WAGES IN LIEU THEREOF
(CALIFORNIA LABOR CODE §§ 226.7 & 512 and WAGE ORDER 7)
ALL PLAINTIFFS AGAINST ALL EMPLOYER DEFENDANTS

78. PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

79. PLAINTIFFS allege that EMPLOYEES, including PLAINTIFFS, worked for periods of more than five hours without a duty-free meal period of no less than 30 minutes and were not provided full ten minute rest periods for each four (4) hour period of work while in the employ of Employer Defendants and, despite this, Employer Defendants deducted from PLAINTIFFS pay time for a meal period that was not taken.

80. Labor Code § 512 and Wage Order 7 (8 Cal. Code of Regs. § 11070 (11)) provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

81. Pursuant to Wage Order 7 if an employer, as defined by the Wage Order, fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

82. Pursuant to Labor Code § 226.7 if an employer, fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

83. Employer Defendants violated California Labor Code §§226.7 and 512 by failing to provide meal periods mandated by Labor Code §226.7 and Wage Orders 7(11).  As such, Employer Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that the meal periods were not lawfully provided. Indeed, despite not providing meal periods to PLAINTIFFS and other EMPLOYEES, Employer Defendants deducted meal period from PLAINTIFFS' time and wages.

84. At all times relevant to this action, there was no mutual waiver of meal periods by PLAINTIFFS and other EMPLOYEES.

85. Wage Orders 7 (8 Cal. Code of Regs. § 11070(12)) mandate that every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.  If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

86. At all times relevant to this action, Employer Defendants did not authorize or permit PLAINTIFFS and, on information and belief, other EMPLOYEES to take all rest periods as mandated by  Wage Order 7.

87. PLAINTIFFS and, on information and belief, other EMPLOYEES, did not voluntarily or willfully waive rest periods.

COMPLAINT – DEMAND FOR JURY TRIAL

88. Therefore, Employer Defendants violated California Labor Code §226.7 by failing to provide rest periods mandated by Labor Code §226.7 and Wage Order 7 (12), and by failing to provide one hour of additional wages at EMPLOYEES' regular rate of compensation for each work day that the rest periods were not provided.

89. At all times relevant to this action, any express or implied waivers obtained from PLAINTIFFS and/or other EMPLOYEES were not willfully obtained, or voluntarily agreed to and thus were not a condition of employment.

90. By failing to keep adequate time records required by sections Labor Code §§ 226 and 1174(d), Employer Defendants have injured PLAINTIFFS and other EMPLOYEES and made it difficult to calculate the unpaid additional wages due PLAINTIFFS and other EMPLOYEES.

91. As a result of the unlawful acts of Employer Defendants, PLAINTIFFS and other EMPLOYEES have been deprived of premium wages in amounts to be determined at trial, and are entitled, under Labor Code §§203, 226, 226.7, 512, 1194 and the Wage Orders, to recovery of such amounts, plus interest and penalties thereon and costs of suit; as well as attorneys' fees.

92. WHEREFORE, PLAINTIFFS request relief as described herein and below.

### SIXTH CAUSE OF ACTION
FAILURE TO PAY WAGES DUE AT TERMINATION IN TIMELY MANNER
(CALIFORNIA LABOR CODE §§ 201, 202 & 203)
ALL PLAINTIFFS AGAINST ALL EMPLOYER DEFENDANTS

93. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

94. Employer Defendants failed to pay PLAINTIFFS, and on information and belief, other EMPLOYEES as herein alleged.

95. California Labor Code §§201 and 202 provide that all wages are due an employee immediately upon discharge or within seventy-two (72) hours of termination where an employee quits without providing seventy-two (72) hour notice.

96. Employer Defendants failed to pay, in a timely manner, PLAINTIFFS and, on information and belief, other EMPLOYEES all of their wages due for work performed, and this failure continued through the time in which PLAINTIFFS and other EMPLOYEES quit or were

- 19 -

discharged from their employment with Employer Defendants.  As a result, Employer Defendants have violated California Labor Codes §§201 and 202.

97. California Labor Code §203 provides for a penalty of one day of wages, for up to thirty (30) days, for each day the employer willfully fails to pay terminated employees.

98. Employer Defendants violated California Labor code §§ 201 and 202 by failing to pay employees who quit or were discharged all of the wages due pursuant to the timelines provided in those sections.  Employer Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.

99. PLAINTIFFS and, on information and belief, other EMPLOYEES have not received all compensation due, entitling them to penalties under Labor Code §203.

100.   More than 30 days have passed since PLAINTIFFS and, on information and belief, other EMPLOYEES have left Employer Defendants' employ without receiving payment pursuant to Labor Code §§ 201 or 202, as applicable.  As a consequence of Employer Defendants' willful conduct in not paying all earned wages, PLAINTIFFS and certain EMPLOYEES are entitled to thirty (30) working days' wages as a penalty under Labor Code § 203.

101.   WHEREFORE, PLAINTIFFS are entitled to Labor Code § 203 penalties in amounts to be determined at trial.

**SEVENTH CAUSE OF ACTION**
KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED
EMPLOYEE WAGE STATEMENT PROVISIONS
(CALIFORNA LABOR CODE §§226)
ALL PLAINTIFFS AGAINST ALL EMPLOYER DEFENDANTS

102.   PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

103.   California Labor Code Section §226(a) requires employers to furnish each employee a pay stub or other receipt itemizing the gross wages earned, total hours worked, number of piece rates if applicable, applicable wage rates, all deductions, net wages, pay period, employer name and address,  and the employees' personal information, including name, social security number.

104.   Employer Defendants failed to provide "accurate itemized statements" to employees because the wage statements:

COMPLAINT – DEMAND FOR JURY TRIAL

a.   Falsely understate the gross wages earned by failing to pay for all hours worked;

b.   Falsely understate the total hours worked by PLAINTIFFS and other EMPLOYEES by ignoring the total of hours actually worked;

c.   Falsely understate the net wages earned by failing to pay for all hours worked; and

d.   Falsely understate the number of hours worked at each hourly rate.

105.   California Labor Code § 226(e) and (g)  provide that each employee may recover fifty dollars ($50) for an initial violation and one hundred dollars ($100) thereafter up to four thousand dollars ($4,000), costs and reasonable attorney's fees for a knowing violation of the obligation to provide a proper pay stub or other itemized wage receipts. Additionally, an employee may also seek injunctive relief to ensure compliance with this requirement.

106.   By failing to keep adequate time records required by Labor Code §§226, Employer Defendants have injured PLAINTIFFS and other EMPLOYEES, and made it difficult to calculate the unpaid wages due PLAINTIFFS and other EMPLOYEES, and each Plaintiff and EMPLOYEE is entitled to up to $4,000.00 in penalties.

107.   In addition, Employer Defendants have admitted in their discovery responses that the provision of payroll and other information required to be kept by the California Labor Code would be:

> "…burdensome and oppressive in that it would require the defendant to compile voluminous amounts of documents which are not likely lead (sic) to discoverable evidence" and

> "Defendant also objects on the grounds that the request is overburden some (sic) in that it would call for the search for information not likely to lead to discoverable evidence and require at least 40 hours of time of defendants (sic) employees to locate all such information and require a copulation (sic) of information…"

108.   These discovery response constitutes an admission of a recording keeping violation pursuant to various provisions of the California Labor Code and regulations which require that employers compile and maintain these records for inspection by employees and free access by the state.

COMPLAINT – DEMAND FOR JURY TRIAL

109.   WHEREFORE, PLAINTIFFS and other EMPLOYEES are entitled to Labor Code penalties in an amount to be determined at trial not to exceed $4,000 per Plaintiff and EMPLOYEE, injunctive relief under California Labor Code §226(g) cost of suit;  as well as attorneys fees.

### EIGHTH CAUSE OF ACTION
BREACH OF WRITTEN AND IMPLIED CONTRACT
(CALIFORNIA LABOR CODE §§ 223, 225, 226 & 206.5)

All PLAINTIFFS AGAINST All EMPLOYER DEFENDANTS

110.   PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

111.   The Employer Defendants entered into written and implied employment contracts with PLAINTIFFS and other EMPLOYEES whereby Employer Defendants would pay hourly and/or piece rates of pay and provide certain conditions of employment.  Hourly and/or piece rates and other terms of the employment contracts are contained in the wage statements for EMPLOYEES as required by California Labor Code §226 and other documents currently held by Employer Defendants and establish hourly and piece rates of pay that changed at various times during the employment relationship, established pay periods, pay dates and accrual rates for benefits including vacation pay.  Further, all applicable sections of the California Labor Code and Wage Orders are written and are incorporated into said written employment contracts with PLAINTIFFS and on information and belief other EMPLOYEES by operation of law.

112.   The Employer Defendants breached the written contracts of employment into which it entered with the PLAINTIFFS and on information and belief other EMPLOYEES by failing to comply with the promised terms and conditions of employment, failing to compensate at the written contractual rate for all hours worked, and failing to pay accrued vacation pay upon termination.

113.   The Employer Defendants breached the written terms of the applicable Labor Code and regulatory provisions incorporated into the employment agreement as alleged herein.

114.   The PLAINTIFFS and on information and belief other EMPLOYEES were at all times ready, willing, and able to, and did in fact, comply with the terms of the employment

COMPLAINT – DEMAND FOR JURY TRIAL

1   contract.

2   115.   As a direct consequence of Employer Defendants' breach of the employment

3   contract, PLAINTIFFS and on information and belief other EMPLOYEES suffered substantial

4   injury.

5   116.   As a result, the Employer Defendants are therefore liable to the PLAINTIFFS and

6   the other EMPLOYEES for actual, incidental, and consequential damages in an amount to be

7   determined at trial.

8   117.   WHEREFORE, PLAINTIFFS are entitled to actual, incidental, and consequential

9   damages.

10                              **NINTH CAUSE OF ACTION**
    UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION LAW
11                (CALIFORNIA BUS. & PROF CODE §17200 et seq.)
              ALL PLAINTIFFS AGAINST ALL EMPLOYER DEFENDANTS
12

13   118.   PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

14   119.   By this cause of action, PLAINTIFFS seek to enforce important rights affecting the

15   public interest.  PLAINTIFFS sue for their own interest and for the interest of all other

16   EMPLOYEES previously, currently and hereafter employed by each Employer Defendant to

17   perform the work described in this complaint.

18   120.   PLAINTIFFS allege that each Employer Defendant hired PLAINTIFFS and, on

19   information and belief, other current and former EMPLOYEES pursuant to oral and written

20   contracts of employment entered into in Contra Costa County, and that PLAINTIFFS and other

21   EMPLOYEES worked for each Employer Defendant as non-exempt employees to perform various

22   tasks, including, but not limited to, non-exempt retail work.

23   121.   PLAINTIFFS and other EMPLOYEES suffered injury-in-fact and have lost money

24   as a result of Employer Defendants' unfair competition alleged herein.

25   122.   PLAINTIFFS allege that this action complies with Section 382 of the Code of Civil

26   Procedure. The allegations in this complaint are of a common or general interest to PLAINTIFFS

27   and numerous other EMPLOYEES employed by Employer Defendants during the relevant time

28   period.  Accordingly, PLAINTIFFS may bring this action and obtain relief, individually and on

COMPLAINT – DEMAND FOR JURY TRIAL

behalf of other individuals employed under common circumstances and facts, under Section 382 of the Code of Civil Procedure without having to certify a class. PLAINTIFFS therefore seek relief for themselves and other EMPLOYEES without seeking class certification.

123.    Employer Defendants are engaged in unlawful and unfair activity prohibited by Business and Professions Code §§17200 et seq.  The actions of Employer Defendants as alleged within this complaint, constitute unlawful and unfair business practices with the meaning of Business and Professions Code §§17200 et seq.

124.    As described above, Employer Defendants have violated the following California laws:

e.    violation of California Labor Code §201 by failing to pay all wages earned and unpaid at the time of certain EMPLOYEES' discharge from employment by Employer Defendants;

f.    violation of California Labor Code §202 by failing to pay all wages earned and unpaid within 72 hours of the time of quitting by certain EMPLOYEES' from their employment by Employer Defendants;

g.    violation of California Labor Code §206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts thereof, which Employer Defendants conceded to be due;

h.    violation of California Labor Code §216 by willfully refusing to pay wages due and payable after demand was made while having the ability to pay, and by falsely denying the amount or validity thereof, or that the same is due, with intent to secure for itself any discount upon such indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or defraud, the EMPLOYEES to whom such indebtedness is due;

i.    violation of California Labor Code §223 by secretly paying a lower wage to EMPLOYEES while purporting to pay the wage designated by statute or by contract;

j.    violation of California Labor Code §226 by failing to provide EMPLOYEES with accurate wage statements;

k.    committing a misdemeanor in violation of California Labor Code §226.6 by

COMPLAINT – DEMAND FOR JURY TRIAL

knowingly and intentionally violating the provisions of California Labor Code §226;

l.   violation of Wage Order 7 by failing to provide EMPLOYEES with meal and rest periods mandated by the 8 Cal. Code of Regs. §§ 11070(10), (11);

m.   violation of California Labor Code §226.7 by requiring EMPLOYEES to work during meal and rest periods mandated by the applicable Wage Order and failing to provide said EMPLOYEES one (1) hour additional wages at the non-exempt employee's regular rate of compensation for each work day that the meal or rest period is not provided;

n.   violation of California Labor Code §510 by failing to compensate EMPLOYEES at the rate of no less than one and one-half times the regular rate of pay for an employee for all work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any workweek and the first eight (8) hours worked on the seventh day of work in any one workweek, and by failing to compensate EMPLOYEES at the rate of no less than twice the regular rate of pay for an employee for work in excess of twelve (12) hours in one day and any work in excess of eight (8) hours on any seventh day of a workweek;

o.   violation of California Labor Code §512 by failing to provide EMPLOYEES with a meal period of not less than 30 minutes for every work period of more than five hours per day and by not providing EMPLOYEES with a second meal period of not less than 30 minutes for a work period of more than 10 hours per day;

p.   violation of California Labor Code §§1182.11 and 1197 by failing to pay at least the minimum wage for all hours worked by EMPLOYEES;

q.   violation of California Labor Code §§1194 by failing to pay minimum and/or overtime wages for all hours worked by EMPLOYEES;

r.   violation of California Labor Code §§227.3 by failing to pay all accrued vacation pay to EMPLOYEES;

s.   violation of California Labor Code §2802 by failing to indemnify EMPLOYEES, for all necessary expenditures or losses incurred by EMPLOYEES in direct consequence of the discharge of their duties and their

obedience to the directions of Defendant;

t.   violation of Wage Order 7 (5)(A) and (B) by failing to pay at least minimum wage for reporting time for each workday EMPLOYEES were required to report to work and did report to work, but was not put to work or was furnished less than half said employee's usual or scheduled day's work;

125.   Employer Defendants' acts and omissions alleged herein also constitute unfair and unlawful practices in violation of Cal. Bus. & Prof. Code §§17200 et seq. because Employer Defendants' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to PLAINTIFFS, other EMPLOYEES, and the public.

126.   PLAINTIFFS are entitled to an injunction and other equitable relief against such unlawful practices to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

127.   As a result of their unlawful acts, Employer Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFFS and other EMPLOYEES. Employer Defendants should be enjoined from this activity and ordered to restore to PLAINTIFFS and other EMPLOYEES the wrongfully withheld wages pursuant to Business and Professions Code §17203.  PLAINTIFFS are informed and believe, and thereon allege, that Employer Defendants are unjustly enriched through their failure to pay legal and contractual wages, and/or other compensation.  PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and other EMPLOYEES are prejudiced by Employer Defendants' unfair trade practices.

128.   As a direct and proximate result of the unfair business practices of Employer Defendants, and each of them, PLAINTIFFS and the other EMPLOYEES are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully withheld from PLAINTIFFS and other EMPLOYEES as a result of the business acts and practices described herein and enjoining Employer Defendants to cease and desist from engaging in the practices described herein.

COMPLAINT – DEMAND FOR JURY TRIAL

129.   The unlawful and unfair conduct alleged herein is continuing, and there is no indication that Employer Defendants will not continue such activity into the future.  PLAINTIFFS alleged that if Employer Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require EMPLOYEES to work "off the clock" and without compensation, will continue to unlawfully require EMPLOYEES to report to work and send them home without either furnishing them at least half their usual or scheduled days work or without additional compensation, will continue to require EMPLOYEES to work during rest or meal periods without providing the appropriate additional compensation in lieu thereof; will continue to fail to pay accrued vacation pay; and will continue with the remainder of violations described above.

130.   PLAINTIFFS further request that the court issue a preliminary and permanent injunction prohibiting Employer Defendants from requiring PLAINTIFFS and other EMPLOYEES to work "off the clock" and without compensation, prohibiting other wrongful conduct which is the subject of this Complaint and which may later be discovered in the course of litigation.  As set forth above, each Employer Defendant's unlawful business practices present a continuing threat to certain PLAINTIFFS and EMPLOYEES, and cause irreparable harm that cannot be adequately remedied at law.

131.   WHEREFORE, PLAINTIFFS and other EMPLOYEES they seek to represent request relief as described herein and below.

### TENTH CAUSE OF ACTION
**UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION LAW
(CALIFORNIA BUS. & PROF CODE §17202 and LABOR CODE §203)
ALL PLAINTIFFS AGAINST ALL EMPLOYER DEFENDANTS**

132.   PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

133.   Employer Defendants' failure to timely pay  wages upon termination violated and violates California Labor Code §§201 and 202.

134.   California Labor Code §203 provides that employers who fail to pay wages due in violation of California Labor Code §§201 and 202 are liable for penalties equal to one day's wages each day after termination that the wages remain unpaid up to a maximum of thirty (30) days.

Employer Defendants' failure to pay timely wages upon the termination or voluntary quit of PLAINTIFFS and EMPLOYEES violates the California Labor Code §§201 and 202. California Business and Professions Code §17202 entitles PLAINTIFFS and each other such person to recover "waiting time" penalties pursuant to California Labor Code §203, in amounts to be proven at trial.

135.   Employer Defendants' failure to maintain adequate time records of PLAINTIFFS' and EMPLOYEES' work and to provide PLAINTIFFS and EMPLOYEES with itemized pay stubs or receipts violates California Labor Code §226.

136.   California Labor Code §226 provides that an employer who fails to provide employees with an itemized pay stub or wage receipt is liable for penalties equal to fifty dollars ($50) for the first violation and one hundred dollars ($100) for every violation thereafter up to a total of four thousand dollars ($4,000).  Employer Defendants' failure to provide PLAINTIFFS and EMPLOYEES with itemized pay stubs or wage receipts violates California Labor Code §226.

137.   California Business and Professions Code §17202 entitles PLAINTIFFS and each other such person to recover the penalties provided by California Labor Code §226 in amounts to be proven at trial.

## TENTH CLAIM FOR RELIEF

VIOLATIONS OF LABOR CODE PRIVATE ATTORNEYS GENERAL ACT
CALIFORNIA LABOR CODE §§2698 ET SEQ.
(PLAINTIFFS ELIESER SERRANO AND NICOLAS VELASCO ON BEHALF OF
THEMSELVES AND OTHER CURRENT AND FORMER EMPLOYEES AGAINST ALL
DEFENDANTS)

138.   PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

139.   PLAINTIFFS submit this Amended Complaint to include allegations pursuant to Labor Code §§ 2699 et seq. (The Private Attorneys General Act).  Labor Code § 2699.3(a)(2)(C) provides that, notwithstanding any other provision of law, PLAINTIFFS may as a matter of right amend an existing complaint to add a cause of action arising under §§ 2699 et seq.

140.   PLAINTIFFS are aggrieved employees as defined in Labor Code §2699(a).  They bring this cause on behalf of themselves and other current or former aggrieved employees affected

COMPLAINT – DEMAND FOR JURY TRIAL

1  by the labor law violations alleged in this complaint.

2      141.   Labor Code § 2699(f) provides:

3          For all provisions of this code except those for which a civil penalty is
           specifically provided, there is established a civil penalty for a violation of
4          these provisions, as follows: . . . (2) If, at the time of the alleged violation,
           the person employs one or more employees, the civil penalty is one hundred
5          dollars ($100) for each aggrieved employee per pay period for the initial
           violation and two hundred dollars ($200) for each aggrieved employee per
6          pay period for each subsequent violation.

7  PLAINTIFFS seek civil penalties as provided under applicable Labor Code sections for violations

8  of the Labor Code  alleged herein pursuant to Labor Code § 2699(a). To the extent that any

9  violation alleged herein does not carry a penalty, PLAINTIFFS seek civil penalties pursuant to

10 Labor Code § 2699(f) for PLAINTIFFS and other current or former employees for violations of

11 those sections. The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been

12 satisfied by written notice by certified mail to Employer Defendants and to the Labor and

   Workforce Development Agency of the Labor Code and IWC Wage Order violations averred

13 herein.  The Agency failed to timely notify PLAINTIFFS it would investigate these violations.

14      142.   PLAINTIFFS seek penalties due from PAGA Defendants on behalf of themselves,

15 other aggrieved employees, and the State, as provided by Labor Code § 2699(i), including, but not

16 limited to penalties due pursuant to Labor Code § 558(a) as a result of PAGA Defendants'

17 violation of the provisions of Wage Order 7 and failure to pay wages due.

18      143.   PAGA Defendants are liable to PLAINTIFFS, and  "other current or former

19 employees and the state" for the civil penalties set forth in this Amended Complaint. PLAINTIFFS

20 are also entitled to an award of attorneys' fees and costs as set forth below.

21      144.   PLAINTIFFS, and on behalf of themselves and other current or former employees,

22 request relief as described below.

23                    **VI. PRAYER**

24      WHEREFORE, PLAINTIFFS pray for judgment against Employer Defendants and each of

25 them as follows:

26 As to the First Cause of Action:

27 1.      Unpaid overtime wages in an amount to be proven at trial.

28

COMPLAINT – DEMAND FOR JURY TRIAL

2.　　For an award of liquidated damages in an amount equal to the overtime wages in an amount to be proven at trial.

3.　　For prejudgment interest.

As to the Second Cause of Action

4.　　For an award of all unpaid minimum wages in an amount to be proven at trial.

5.　　For an award of liquidated damages in an amount equal to the minimum wages in an amount to be proven at trial.

6.　　For prejudgment interest pursuant to Labor Code §218.6.

As to the Third Cause of Action:

7.　　For an award of all unpaid overtime wages in an amount to be proven at trial.

8.　　For prejudgment interest pursuant to Labor Code §218.6.

As to the Fourth Cause of Action:

9.　　For an award of all unpaid accrued vacation in an amount to be proven at trial.

10.　　For prejudgment interest pursuant to Labor Code §218.6.

As to the Fifth Cause of Action:

11.　　For an award equal to one (1) hour of wages for each day Employer Defendants failed to provide the required rest breaks in an amount to be proven at trial.

12.　　For an award equal to one (1) hour of wages for each day Employer Defendants failed to provide the required lunch break in an amount to be proven at trial.

13.　　For prejudgment interest pursuant to Labor Code §218.6.

As to the Sixth Cause of Action

14.　　For an award of waiting time penalties in an amount equal to thirty (30) times the daily rate of pay, according to proof at trial.

As to the Seventh Cause of Action:

15.　　For an award of (a) actual damages for Employer Defendants' failure to maintain time records reflecting all hours worked in an amount to be proven at trial, (b) statutory amounts, or in the alternative (c) $50.00 for the first violation and $100.00 for each subsequent violation up to a maximum of $4,000.00, per each Plaintiff.

COMPLAINT – DEMAND FOR JURY TRIAL

16.     For an award of injunctive relief ordering Employer Defendants to comply with Labor Code § 226.

17.     For further equitable relief according to proof.

As to the Eighth Cause of Action:

18.     For an award of actual, incidental and consequential damages to PLAINTIFFS in an amount to be proven at trial.

As to the Ninth Cause of Action:

19.     For an award of a preliminary and permanent injunction ordering Employer Defendants to cease the unlawful and unfair business practices as heretofore alleged.

20.     For the appointment of a receiver and for an accounting.

21.     For restitution to PLAINTIFFS and other similarly situated EMPLOYEES in amounts to be proven at trial.

22.     For enforcement and an award of penalties to PLAINTIFFS and other similarly situated EMPLOYEES in amounts to be proven at trial.

As to the Tenth Cause of Action

23.     For an award of waiting time penalties for each Plaintiff and other similarly situated EMPLOYEES in an amount equal to thirty (30) times the daily rate of pay, according to proof to at trial.

24.     For an award of (a) actual damages for Employer Defendants' failure to maintain time records reflecting all hours worked in an amount to be proven at trial, (b) statutory amounts, or in the alternative (c) $50.00 for the first violation and $100.00 for each subsequent violation up to a maximum of $4,000.00, per each Plaintiff and all other similarly situated EMPLOYEES,

As to the Eleventh Cause of Action

25.     For all provisions of this code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

COMPLAINT – DEMAND FOR JURY TRIAL

26. For all provisions of this code violated as described above for which a civil penalty is specifically provided, civil penalties for each aggrieved employee as specifically provided by statute.

27. For violations of the provisions of the Wage Orders, civil penalties for each aggrieved employee as provided by Labor Code § 558, including, but not limited to an amount sufficient to recover underpaid wages due each aggrieved employee.

<u>As to All Causes of Action:</u>

28. For costs of suit herein generally and pursuant to California Code of Civil Procedure §1021.5.

29. For an award of pre-judgment interest as authorized under the law.

30. For an award of post-judgment interest as authorized under the law.

31. For attorneys' fees under Labor Code §§226, 1194, 2699(g)(1) & 2802, California Code of Civil Procedure §1021.5 and the FLSA .

32. For such other relief as this Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

PLAINTIFFS hereby demand trial of their and other EMPLOYEES' claims by jury to the extent authorized by law.

Dated:  March 6, 2008

                                        LAW OFFICES OF MALLISON & MARTINEZ


                                        By:    /s/ Hector R. Martinez_____
                                              Stan S. Mallison, Esq.
                                              Hector R. Martinez, Esq.
                                              Marco A. Palau, Esq.
                                              Attorneys for all PLAINTIFFS

COMPLAINT – DEMAND FOR JURY TRIAL