Stan S. Mallison (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, CA 94612
Telephone:    (510) 832-9999
Facsimile:    (510) 832-1101
StanM@themmlawfirm.com
HectorM@themmlawfirm.com
MPalau@themmlawfirm.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| MIGUEL VELASCO, ELIESER SERRANO and NICOLAS VELASCO, individually and acting in the interest of other current and former employees,<br><br>Plaintiffs,<br><br>vs.<br><br>MIS AMIGOS MEAT MARKET, INC, URIEL GONZALEZ and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:08-CV-00520-WBS-EFB<br><br>**PLAINTIFFS' STATUS REPORT**<br><br>(Pursuant to this Court's October 7, 2010 Order) |

A.  **INTRODUCTION**

On October 7, 2010, this Court issued and Order and Order to Show Cause which lifted the stay in this action and ordered that:

> "On or before October 25, 2010, the parties shall also file a joint status report indicating the status of this action now that the stay has been lifted and any outstanding issues that must be resolved by the court."

Plaintiffs file this status report individually as they have not been able to locate Mr. Gonzalez. Pursuant to this court's April 13, 2009 order, Defendants are not represented by counsel. Plaintiffs have attempted to contact Defendants by calling the business and Mr. Gonzalez to no avail as the phone number was not a working number. As noted in the docket on October 29, 2010, mail sent to Defendants by this court has been returned as undeliverable. Although Mis Amigos' bankruptcy counsel does not represent Mis Amigos in this proceeding, Plaintiffs have called this counsel and confirmed that the bankruptcy counsel does not represent Defendants in this case.

On June 1, 2009, the clerk again entered a default against both defendants in this case for the second time. Plaintiffs therefore request that this court enter default judgment against both Defendants and schedule a prove up hearing for computation of damages, fees, costs and penalties.

**B.    CASE STATUS**

On June 1, 2009, the clerk entered a default against both defendants in this case for the second time. Although the original default was set aside by this court on April 1, 2009, the court ordered Defendants to answer the complaint within 20 days. Defendants failed to answer the complaint. As set forth in the Declaration of Hector Martinez in support of Plaintiffs Request for Entry of Default (Docket #59) filed on May 26, 2009, Plaintiffs contacted Defendants on May 7, 2009 and inquired whether Defendants were intending to answer the complaint and Mr. Gonzalez stated on behalf of both Defendants that "it was considering bankruptcy, that it would not be filing an answer, and that [Plaintiffs' counsel] should do whatever [Plaintiffs' counsel] needed to do." Plaintiffs thereafter filed a second request for entry of default on May 26, 2009, which was granted by the clerk on June 1, 2009. Defendants thereafter filed for bankruptcy protection.

If this court is inclined to order default judgment, Plaintiffs request this court's guidance with regards to the default judgment prove up proceedings and timing. Prior to this Court's setting aside of the original default, Plaintiffs were preparing for a default judgment prove up hearing

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

regarding the individual and Private Attorney General Claims on behalf of the State of California and current and former employees in this case. Subject to this court's guidance, Plaintiffs believe that they can conduct this prove up hearing promptly.

## C.  SUMMARY OF CLAIMS

This is a wage and hour action to vindicate the rights afforded to PLAINTIFFS and current or former employees of DEFENDANTS by the Fair Labor Standards Act, California Labor Code, California Business and Professions Code, and federal and state common law. Further, pursuant to California's Private Attorneys General Act ("PAGA"), Labor Code §§ 2698 *et seq.*, this lawsuit is an enforcement action in which PLAINTIFFS are bringing the claims of the State of California on behalf of current or former employees to recover penalties for violations of the Labor Code and the Wage Orders of the Industrial Welfare Commission ("IWC"). PLAINTIFFS are "aggrieved employees" within the meaning of Labor Code § 2699[1] who have complied with the administrative requirements of the PAGA. As such, they are entitled to act as private attorneys general essentially in place of the state to enforce the state's labor laws and collect penalties, seventy-five percent of which are distributed to the state. *See Dunlap v. Superior Court*, 142 Cal.App.4th 330 (2006) ("the PAG Act was adopted to empower aggrieved employees, acting as private attorneys general, to seek civil penalties for Labor Code violations, penalties which previously could be assessed only by state agencies.").

PLAINTIFFS, who are former non-exempt employees of DEFENDANTS, seek to recover wages, penalties, interests, costs, attorneys' fees, and other related remedies for all current and former employees.

All defendants have been properly served and have been defaulted twice (once which was previously set aside by this court).

---

[1] Plaintiffs are "aggrieved employees" pursuant to PAGA because the alleged violations of labor laws were committed against them by DEFENDANTS.

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 3 -

PLAINTIFFS' STATUS REPORT

**D.  ADDITIONAL PARTIES**

Plaintiffs do not anticipate adding new parties at this time.

**E.  JURISDICTION AND VENUE**

**1.  Subject Matter Jurisdiction:**

The parties previously agreed that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 US.C. §216(b).  The court has supplemental jurisdiction over the State claims pursuant to 28 U.S.C. §1367 and over the declaratory relief pursuant to 28 U.S.C. 2201.

**2.  Personal Jurisdiction and Venue:**

The parties previously agreed that this Court has personal jurisdiction and is the proper venue for this case pursuant to 28 U.S.C. 1391.

**F.  DISCOVERY**

Plaintiffs will seek guidance from the court with regards to its preferences for the conduct of a prove-up hearing.  Based upon the Court's guidance, Plaintiffs may have enough discovery completed to conduct the prove-up hearing immediately.

DATED: 10/25/10                     LAW OFFICES OF MALLISON & MARTINEZ

By:  /s/ Stan Mallison
Stan S. Mallison
Attorneys for PLAINTIFFS

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA )
) ss.
COUNTY OF ALAMEDA )

I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action; my business address is 1939 Harrison Street, Suite 730, Oakland, CA 94612.

On October 25, 2010, I personally served the foregoing document described as:

**PLAINTIFFS' RESPONSE TO THIS COURT'S OCTOBER 7, 2010 ORDER TO SHOW CAUSE**

on *Interested Parties at the following* addresses:

Mis Amigos Meat Market, Inc.
Uriel Gonzalez (Defendant & Agent for Service of Process)
1072 Via Alta
Lafayette, CA 94549

Mis Amigos Meat Market
3005 Willow Pass Rd
Bay Point, CA 94565

[XX] **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Oakland, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

[ ] **BY PERSONAL DELIVERY:** I placed each for delivery in an envelope for personal delivery by _____ to be delivered same day.

[XX] **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 25, 2010, at Oakland, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                              /s/ Stan Mallison
                                              Stan Mallison