Stan S. Mallison (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, CA 94612
Telephone:    (510) 832-9999
Facsimile:     (510) 832-1101
StanM@themmlawfirm.com
HectorM@themmlawfirm.com
MPalau@themmlawfirm.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| MIGUEL VELASCO, ELIESER SERRANO and NICOLAS VELASCO, individually and acting in the interest of other current and former employees,<br><br>Plaintiffs,<br><br>vs.<br><br>MIS AMIGOS MEAT MARKET, INC, URIEL GONZALEZ and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:08-CV-00520-WBS-EFB<br><br>**PLAINTIFFS' RESPONSE TO THIS COURT'S OCTOBER 7, 2010 ORDER TO SHOW CAUSE**<br><br>Date: June 10, 2009<br>Time: 10 a.m.<br>Location: Courtroom 5 |

On October 7, 2010, this Court issued and Order and Order to Show Cause which lifted the stay in this action and ordered that:

"On or before October 25, 2010 the parties shall show cause, in writing, why they should not be sanctioned for failing to comply with the June 26 order, including dismissal of this action and/or the entry of default judgment against defendants."

Plaintiffs file this response to the order to show cause.

---

A.  RESPONSE

Pursuant to this Court's June 26, 2009 order, this case was stayed pending the outcome of the bankruptcy proceeding. This order required the parties to notify the court with 10 days of the resolution of the bankruptcy proceedings.

In the bankruptcy proceeding plaintiffs filed a claim but otherwise were not substantially involved in the case. We are not bankruptcy attorneys and wished to simply make our claim in the bankruptcy proceeding. After the bankruptcy filing, Plaintiffs set up a limited system of monitoring the bankruptcy proceeding for this purpose – which amounted to calendaring creditor due dates and conducting occasional case status review.

On June 2, 2010 the Bankruptcy court issued an order granting the conversion of the case from Chapter 11 to Chapter 7 that we promptly caught. Internally at the firm we reset our calendars and expectations regarding the termination of the bankruptcy to account for this conversion. This Order was later vacated on July 7, 2010 and the case was eventually dismissed on July 23, 2010.

My office erred by not more closely monitoring the Chapter 7 case after it was initially converted. The case came up in case meeting and we assumed that the conversion would likely mean many additional months of bankruptcy proceedings. Although not an excuse, we failed to monitor the situation more closely as the order vacating the bankruptcy proceeding was unexpected. As a result, we did not timely react to the conversion order. We were not on the service list for the proceedings and I believe that we received no notice of the vacation order. We instead relied upon infrequent checking of the docket (based upon our expectations for the Chapter 7 proceedings) for developments. My understanding is that someone in the office may have printed out the docket sometime after the vacation order, but that it was not properly reviewed and analyzed until my Partner filed the notice of dismissal on September 23, 2010. We will correct this approach for future bankruptcy proceedings by signing up for enotice for all of our creditors in bankruptcy.

PLAINTIFFS' RESPONSE TO THIS COURT'S 10-7-10 OSC

Plaintiffs failed to monitor the bankruptcy proceeding closely and apologize to the court for this inadvertence. However, Plaintiffs request that this court not dismiss this action pursuant to the order to show cause.

DATED: October 25, 2010                LAW OFFICES OF MALLISON & MARTINEZ

                                       By: /s/ Stan Mallison
                                           Stan S. Mallison
                                           Attorneys for PLAINTIFFS

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF ALAMEDA       )

I am employed in the County of Alameda, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1939 Harrison Street, Suite 730, Oakland, CA 94612.

On October 25, 2010, I personally served the foregoing document described as:

**PLAINTIFFS' RESPONSE TO THIS COURT'S OCTOBER 7, 2010 ORDER TO SHOW CAUSE**

on *Interested Parties at the following* addresses:

Mis Amigos Meat Market, Inc.              Mis Amigos Meat Market
Uriel Gonzalez (Defendant & Agent for     3005 Willow Pass Rd
Service of Process)                       Bay Point, CA 94565
1072 Via Alta
Lafayette, CA 94549

[XX]   **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Oakland, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

[ ]    **BY PERSONAL DELIVERY:** I placed each for delivery in an envelope for personal delivery by _____ to be delivered same day.

[XX]   **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 25, 2010, at Oakland, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                ___/s/ Stan Mallison_____
                                                Stan Mallison

PLAINTIFFS' RESPONSE TO THIS COURT'S 10-7-10 OSC